UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIN JESSICA EILER, ) | |
| ) | Case No. 1:16-cv-04665 |
| Plaintiff, ) | |
| ) | Judge St. Eve |
| v. ) | |
| ) | |
| SOUTH DAKOTA HUMAN SERVICES ) | |
| CENTER, EEOC, et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT SOUTH DAKOTA HUMAN SERVICES CENTER'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Defendant, SOUTH DAKOTA HUMAN SERVICES CENTER, by and through its attorneys, KLEIN, THORPE AND JENKINS, LTD., and in support of its motion to dismiss the Plaintiff, ERIN JESSICA EILER'S ("Eiler"), complaint pursuant to Rules 12 (b)(1), 12 (b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this Memorandum in Support of Defendant's Motion to Dismiss and states as follows:

### BACKGROUND

The case at hand has involves a complaint alleging a violation of the Age Discrimination in Employment Act ("ADEA"), Title VII of the Civil Rights Act of 1964 ("Title VII"), and the American Disabilities Act ("ADA"). [Doc. 1]. The Complaint alleges Eiler was discriminated against in October 2014 by "discriminating against plaintiff based on disabilities. Results of interview were not correctly notated for reason of non-hiring." *Id.* at 5. Defendant South Dakota Human Services Center, is a facility owned and operated by the State of South Dakota as an arm of the South Dakota Department of Human Services. *See* S.D. Codified Laws § 27A-4-1; see also *Zerbst v. South Dakota*, 2017 U.S. Dist. LEXIS 170419 (D.S.D. Oct. 16, 2017).

1

It is alleged by Plaintiff in her complaint that Notice of Right to Sue was received on March 11, 2016. [Doc 1. Pg. 15]. Plaintiff submitted a complaint for filing on April 26, 2016, along with an application for leave to proceed in forma pauperis. [Doc. 1 & 4]. An order denying her application for leave to proceed in forma pauperis was entered April 28, 2016. [Doc. 5]. Plaintiff filed a motion to reconsider her application for leave to proceed in forma pauperis on May 23, 2016. [Doc. 8]. An order denying her motion to reconsider her application for leave to proceed in forma pauperis was entered May 31, 2016. [Doc. 10]. A notice of appeal of that decision was filed June 6, 2016. The Seventh Circuit affirmed the District Court's decision on February 13, 2017. *Eiler v. S.D. Human Servs. Ctr.*, 676 F. App'x 595 (7th Cir. 2017). A Mandate was issued April 28, 2017. [Doc. 37]. Eiler paid the filing fee on June 20, 2017. Doc 47.

## ARGUMENT

**I.     THIS COURT LACKS PERSONAL JURISDICTION OVER THE SOUTH DAKOTA HUMAN SERVICES CENTER**

When determining whether the court has personal jurisdiction over a defendant in a federal question case, the court must conduct a two-pronged inquiry by asking: (1) whether the court has the power to exercise jurisdiction under the forum state's long-arm statute, and (2) whether haling the defendants into court accords with the principles of the Due Process Clause. *See United States v. Martinez De Ortiz*, 910 F.2d 376, 381 (7th Cir. 1990); *Boston Chicken, Inc. v. Market Bar-B-Que, Inc*., 922 F. Supp. 96, 97 (N.D. Ill. 1996). The Plaintiff has the burden of establishing a prima facie case of personal jurisdiction.

In the case at hand, no allegations in the complaint indicate that the South Dakota Human Services Center, a facility owned and operated by the State of South Dakota as an arm of the South Dakota Department of Human Services, which is located in Yankton, South Dakota,

would satisfy the Illinois long-arm statutes. For this reason, the complaint should be dismissed under Rule 12(b)(2) of the Federal Rules of Civil Procedure. There are no allegations of discrimination in the Northern District of Illinois, nor any allegations which would potentially give rise to venue being proper in the Northern District of Illinois. Accordingly, the South Dakota Department of Human Services respectfully requests that this matter be dismissed.

## II.   THE ELEVENTH AMENDMENT BARS CLAIMS UNDER THE ADA OR ADEA

The United States Supreme Court has held that suits seeking money damages against a State for violations of Title I of the ADA are barred by the Eleventh Amendment. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360, 121 S. Ct. 955 (2001); *see also Tennessee v. Lane*, 541 U.S. 509, 514, 124 S. Ct. 1978 (2004) (recognizing the holding in Garrett). "In light of the Supreme Court's decision in *Kimel*, state employees [or applicants] suing under the ADEA are left without a damages remedy, as such claims are barred by Eleventh Amendment sovereign immunity. 528 U.S. at 91-92*." Levin v. Madigan,* 692 F.3d 607, 621 (7th Cir. 2012)*.* Accordingly, any claim for damages under either the ADA or ADEA are without merit and should be dismissed pursuant to Rule 12(b)(6).

## III.   THE PLAINTIFF DID NOT EXHAUST HER ADMINISTRATIVE REMEDIES FOR A TITLE VII OR ADEA CLAIM

For claims of Title VII discrimination, the first step towards exhausting a putative plaintiff's administrative remedies under Title VII is the filing of a timely charge of discrimination covered under Title VII with the EEOC. See 42 U.S.C. § 2000e-5(e). As the Supreme Court has noted, section 15 of the ADEA "provides two alternative routes for pursuing a claim of age discrimination." Stevens v. Dep't of Treasury, 500 U.S. 1, 5 (1991). First, an individual may exhaust the EEOC's administrative remedies and, if he is not satisfied with the outcome, later file a civil action in federal court. See 29 U.S.C. §§ 633a(b) and (c). Second, an

3

individual may bypass the administrative complaint process entirely and present the merits of his claim directly to a federal court. See 29 U.S.C. § 633a(d). When the individual opts for this second route, however, "no civil action may be commenced . . . until the individual has given the [EEOC] not less than thirty days' notice of an intent to file such action." *Id*.

A putative plaintiff's failure to exhaust her administrative remedies under the Age Discrimination Act properly results in the cause of action being dismissed. *See Homola*, 14 F.3d at *1, [published in full-text format at 1993 U.S. App. LEXIS 34465]. Failure to file a charge of discrimination with the EEOC alleging a violation of Title VII will result in dismissal unless the plaintiff can prove an equitable defense—such as waiver, estoppel, or equitable tolling—to excuse her failure to exhaust her administrative remedies. *See Zipes v. Trans World Airlines*, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127 (1982); *Gibson* v. West, 201 F.3d 990, 993 (7th Cir.2000).

In the case at hand, the Complaint includes the Charge of Discrimination filed with the EEOC. [Doc 1, pg 10]. That charge includes no claim of discrimination under either Title VII or the ADEA. Accordingly, any claim for relief under Title VII or the ADEA should be dismissed. *See, e.g., Siciliano v. Chicago Local 458-3 M*, 946 F. Supp. 596, 600 (N.D. Ill. 1996) (ADEA claim beyond the scope of Title VII and ADA claims); *Pyrmula v. Northern Trust Co.*, 1995 WL 55250, *6 (N.D. Ill., February 6, 1995) (ADEA claim beyond the scope of Title VII sex discrimination and retaliatory discharge claim); *Cline v. General Elec. Credit Auto Lease, Inc.*, 748 F. Supp. 650, 653 (N.D. Ill. 1990) (ADEA claim beyond the scope of Title VII sexual harassment claim); *Hill v. Human Rights Comm'n*, 735 F. Supp. 255, 255 (N.D. Ill. 1990) (Title VII sex discrimination claim beyond the scope of discrimination claim based on race and marital status); *Moore v. Cook County Hosp.*, 1997 U.S. Dist. LEXIS 12421 *6-*10 (N.D. Ill. Aug. 7,

1997) (ADEA claim beyond the scope of ADA EEOC complaint). Therefore, the failure of the Charge of Discrimination to allege either a Title VII or ADEA claim means these claims should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV.     THE COMPLAINT FAILS TO PLEAD SUFFICIENT FACTS TO STATE A CLAIM

"In ruling on Rule 12(b)(6) motions, the Court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST Inc.*, 589 F.3d 901, 2009 WL 4894248, \*3 (7th Cir. Dec. 21, 2009) (*citing Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)). To survive a motion to dismiss under 12(b)(6), a plaintiff's complaint must "plead some facts that suggest a right to relief that is beyond the 'speculative level.'" *EEOC v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-63, 127 S. Ct. 1955 (2007)). Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 547. "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face' and also must state sufficient facts to raise a plaintiff's right to relief above the speculative level." *Bissessur v. Indiana University Bd. of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557; *Tamayo*, 526 F.3d at 1084). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id*. (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)).

In the case at hand, Plaintiff checked boxes on the Complaint which indicate that she is raising Title VII claims, ADA claims, and an ADEA claim. [Doc. 1, ¶9] However, in the paragraph describing the facts giving rise to the claim, there is no reference to any discrimination

regarding anything other than a "disability." [Doc. 1, ¶13]. In addition, it is apparent that the only claims made in her Charge of Discrimination with the EEOC relate to the Americans with Disabilities Act. [Doc 1, pg. 10]. Any claim regarding Title VII and the ADEA should be dismissed solely because no facts were even attempted to be pled to support such claims.

Regarding any claim under the ADA, plaintiff also fails to properly allege a claim. To state a claim for ADA discrimination, a plaintiff must allege: (1) he or she is disabled within the meaning of the ADA; (2) he or she is qualified to perform the essential functions of the job either with or without reasonable accommodation; and (3) he or she suffered from an adverse employment action because of the disability. *Kersting v. Wal—Mart Stores, Inc*., 250 F.3d 1109, 1115 (7th Cir. 2001). An individual has a disability under the ADA if he or she suffers from "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1). Other than simply stating a conclusory statement that she is disabled, Plaintiff has failed to identify any facts which would support that she has "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." She also fails to simply allege the same. In addition, Plaintiff also failed to allege that she is qualified to perform the essential functions of her job with or without reasonable accommodation. Failure to allege either element is fatal. Accordingly, the Complaint should be dismissed for failure to state a claim.

V. **PLAINTIFF'S CASE IS BARRED BY THE APPLICABLE STATUTE OF LIMITATION**

Although not jurisdictional, dismissal is appropriate for claims that do not meet the statue of limitations, including failing to bring an action under the ADA, the ADEA, or Title VII within 90 days of receiving a right to sue letter. *See Williams-Guice v. Board of Educ.,* 45 F.3d 161, 165 (7th Cir. 1995). *See* 42 U.S.C. § 2000e–5(f)(1) (specifying that a Title VII action must be

brought within 90 days of the claimant's notification of her right to sue); *id*. § 12117(a) (applying the Title VII limitations period to claims brought under the ADA). 29 U.S.C. § 626(e) (specifying that may be brought "within 90 days after the date of the receipt of [right to sue] notice" from the EEOC). "The statute of limitations defense may be raised in a motion to dismiss if 'the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.'" *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009) (quoting *United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)); (see also *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012)) (courts may properly dismiss a case before discovery on the basis of an affirmative defense).

In the case at hand, Plaintiff alleges in her complaint that she received Notice of Right to Sue on March 11, 2016. Plaintiff submitted a complaint for filing on April 26, 2016, along with an application for leave to proceed in forma pauperis. [Doc. 1 & 4]. An order denying her application for leave to proceed in forma pauperis was entered April 28, 2016. [Doc. 5]. Plaintiff did submit her filing fee until June 20, 2017.

Plaintiff made a motion to reconsider her application for leave to proceed in forma pauperis was filed May 23, 2016. [Doc. 8]. An order denying her motion to reconsider her application for leave to proceed in forma pauperis was entered May 31, 2016. [Doc. 10]. A notice of appeal of that decision was filed June 6, 2016. The Seventh Circuit affirmed the District Court's decision on February 13, 2017. *Eiler v. S.D. Human Servs. Ctr.*, 676 F. App'x 595 (7th Cir. 2017). A Mandate was issued April 28, 2017. [Doc. 37]. Eiler paid the filing fee on June 20, 2017. Doc 47.

In *Williams-Guice v. Board of Educ.,* 45 F.3d 161, 165 (7th Cir. 1995), the Seventh Circuit held that the filing of an application to proceed in forma pauperis along with a complaint

merely tolled the applicable limitations period until the court ruled on the application. If the application is denied, the court held that the limitations period continues to run, and the proper fee must be paid within the extended limitations period. See *Williams-Guice*, 45 F.3d at 164-65.

In the case at hand, the district court made a decision on the application two days after the Application was filed. Under the plain holding of *Williams-Guice*, those two days should be tolled. However, the fee was not paid anywhere near the 90 day statute of limitation when tolling two days.

The court in *Williams-Guice* never found that the time should be tolled during motions for reconsideration and appeal. Defendant's would submit that is not proper, but even if this Court did, Plaintiff's Complaint was still not timely filed. March 11, 2016 (Plaintiff's alleged date of receipt of the right to sue letter) to April 26, 2016 (date of receipt of the Complaint application for leave to proceed in forma pauperis by the Clerk) is 46 days. [Doc 1]. A Mandate on the Appeal was filed April 28, 2017 [Doc. 40] and the payment wasn't received until June 20, 2017. [Doc. 47]. That totals 53 days. Accordingly, including *no* time from the date of the filing of the application for leave to proceed in forma pauperis and the filing of the mandate and decision affirming the District Court's decision by the Seventh Circuit Court of Appeals, Plaintiff is well beyond the 90 day statute of limitation.[1] Accordingly, under Circuit precedent found in *Williams-Guice v. Board of Educ.,* 45 F.3d 161, 165 (7th Cir. 1995), this case must be dismissed.

---

[1] Even under the most favorable interpretation of *Williams-Guice*, there are several days between orders, motions for reconsideration, and the filing of the notice of appeal that should be counted.

**WHEREFORE,** for all the above-stated reasons, the Defendant, SOUTH DAKOTA HUMAN SERVICES CENTER, respectfully requests that this Honorable Court enter an order dismissing the Plaintiff's complaint, with prejudice, and for any further relief deemed just and fair.

Respectfully submitted,

SOUTH DAKOTA HUMAN SERVICES CENTER

By:_____/s/Allen Wall_____
   One of its attorneys

Allen Wall
KLEIN, THOPRE AND JENKINS, LTD.
20 North Wacker Drive, Suite 1660
Chicago, Illinois 60606
(312) 984-6400
jawall@ktjlaw.com